UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANSSEN HAYES,

        Petitioner,

-vs-                                        Case No.  8:03-cv-931-T-17TBM

JAMES V. CROSBY, JR.,

        Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Hayes' 28 U.S.C. § 2254 petition for writ of habeas corpus.  Hayes challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

### BACKGROUND

Hayes was charged with two counts of unlawful sexual activity with a minor, a second degree felony, in case no. 99-6429CFANO. Hayes proceeded to jury trial on an amended information charging him with two counts of sexual activity with a child, a first degree felony, on September 28, 1999. Hayes was found guilty of the lesser included offenses of unlawful sexual activity with a minor, a second degree felony, and an unnatural and lascivious act, a misdemeanor. On September 28, 1999, Hayes was adjudicated guilty in accordance with the verdicts, and sentenced to seven years imprisonment for unlawful sexual activity with a minor. He was sentenced to time served on the misdemeanor charge.

Hayes appealed, raising the issue of whether there was substantial competent evidence to support the verdict. On December 6, 2000, the state district court of appeal per

curiam affirmed in case no. 2D99-4209. Hayes v. State, 783 So. 2d 259 (Fla. 2d DCA 2000) [table]. Following denial of his motion for rehearing on January 11, 2001, Hayes did not seek certiorari review in the United States Supreme Court.[1]

Hayes filed a pro se motion for post-conviction relief dated July 1, 2003, pursuant to Florida Rule of Criminal Procedure 3.850.  On July 31, 2002, the state trial court summarily denied Hayes' Rule 3.850 motion.  The state trial court held, in relevant part, as follows:

ANALYSIS

Defendant's allegations are based on ineffective  assistance of counsel.   To successfully argue a claim of ineffective assistance of counsel, Defendant must prove that counsel's performance was deficient and that deficiency caused Defendant to suffer prejudice. *See Strickland v. Washington,* 466 U.S. 668 (1984). To satisfy the prejudice test the Defendant must show that a reasonable probability exists that the outcome would have been different absent the ineffective assistance. *See id. See Haliburton v. Singletary*, 691 So. 2d 466 (Fla. 1997).

Ground One

Defendant alleges that counsel was ineffective by failing to file a motion to suppress since the interview between Defendant and police was not recorded nor was a written record provided. It is not mandatory that interviews conducted by the police are recorded or that the statements are transcribed. The fact the interviews may not have been recorded or transcribed does not constitute proper legal or factual grounds on which to base a motion to suppress. Therefore, counsel's performance was not deficient for failing to file a motion to suppress raising those allegations.

Furthermore, during the trial, counsel presented this evidence to impeach the officer's credibility. This also provided the jury with the opportunity to weigh the evidence and the testimony. *[See Exhibit 2: Trial Transcript, pgs. 71-75, 85, 89-95, 101-103.]*

---

[1] The mandate in the direct appeal in case no 99-4209 issued March 14, 2001.  A duplicate appeal was previously dismissed December 6, 1999.  Hayes v. State, 748 So. 2d 271 (Fla. 2d DCA 1999)[Table].

> Based on the foregoing reasons, the Court finds Defendant has not proven that counsel's performance was deficient and this claim is denied.
>
> Ground Two
>
> Defendant contends that counsel failed to object to the prosecutor [sic] improperly bolstered [sic] the witnesses' credibility during closing arguments.
>
> Florida law requires the Court to examine the statements contained in Defendant's allegation in the context of the closing argument. *See Garcia v. State*, 644 So. 2d 59, 62 (Fla. 1994). When reviewing the comments, the Court must consider whether these statements merit a new trial by specifically evaluating whether the remarks have deprived Defendant of a fair trial, materially contributed to the conviction, or are so inflammatory that the statements influenced the jury to reach a more severe verdict than it would have otherwise. *See Brown v. State*, 754 So. 2d 188 (Fla. 5th DCA 2000).
> Upon review of the record, and after examining the prosecutor's statements in the entire context of the closing, the Court finds the statements did not deprive Defendant of a fair trial. *[See Exhibit 3: Excerpt of Trial Transcript. pgs. 157-69, 187-203.]* The Court finds the statements were not inflammatory in nature nor did the statements influence the jury to reach a more severe verdict. Also, the Court finds the statements did not materially contribute to Defendant's conviction. Thus, the Court finds this claim is without merit and is denied.

(Respondent's Exhibit 12, Order Denying Rule 3.850 Motion for Post-Conviction Relief)

Hayes appealed the summary denial. On February 7, 2003, the state district court of appeal per curiam affirmed in case no. 2D02-3533. Hayes v. State, 843 So. 2d 269 (Fla. 2d DCA 2003)[table]. The mandate issued March 6, 2003. Hayes signed the present pro se petition on May 13, 2003.

### THE PRESENT PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

> Based on the foregoing reasons, the Court finds Defendant has not proven that counsel's performance was deficient and this claim is denied.
>
> Ground Two
>
> Defendant contends that counsel failed to object to the prosecutor [sic] improperly bolstered [sic] the witnesses' credibility during closing arguments.
>
> Florida law requires the Court to examine the statements contained in Defendant's allegation in the context of the closing argument. *See Garcia v. State*, 644 So. 2d 59, 62 (Fla. 1994). When reviewing the comments, the Court must consider whether these statements merit a new trial by specifically evaluating whether the remarks have deprived Defendant of a fair trial, materially contributed to the conviction, or are so inflammatory that the statements influenced the jury to reach a more severe verdict than it would have otherwise. *See Brown v. State*, 754 So. 2d 188 (Fla. 5th DCA 2000).
> Upon review of the record, and after examining the prosecutor's statements in the entire context of the closing, the Court finds the statements did not deprive Defendant of a fair trial. *[See Exhibit 3: Excerpt of Trial Transcript. pgs. 157-69, 187-203.]* The Court finds the statements were not inflammatory in nature nor did the statements influence the jury to reach a more severe verdict. Also, the Court finds the statements did not materially contribute to Defendant's conviction. Thus, the Court finds this claim is without merit and is denied.

(Respondent's Exhibit 12, Order Denying Rule 3.850 Motion for Post-Conviction Relief)

Hayes appealed the summary denial. On February 7, 2003, the state district court of appeal per curiam affirmed in case no. 2D02-3533. Hayes v. State, 843 So. 2d 269 (Fla. 2d DCA 2003)[table]. The mandate issued March 6, 2003. Hayes signed the present pro se petition on May 13, 2003.

### THE PRESENT PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Hayes' judgment of conviction became final on April 11, 2001, upon expiration of the time for seeking certiorari review following the January 11, 2001, denial of rehearing of the silent affirmance in Hayes' direct appeal. See Clay v. United States, 123 S. Ct. 1072, 1075 (2003). Thus, his AEDPA limitations period commenced April 12, 2001,[2] and Hayes had until April 13, 2002, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period. Hayes did neither. He did not file the Rule 3.850 motion for post-conviction relief until July 1, 2002. (See Respondent's Exhibit 11, Hayes' Motion for Post-conviction Relief). The filing of the Rule 3.850 motion did not toll the running of the limitations period because the one-year period had already expired on April 13, 2002. Therefore, the present federal petition, signed and

---

[2] According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion. See Sup. Ct. R. 13(3). Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) Hayes' petition sets forth the mandate date in his direct appeal. Hayes sought rehearing, and the date of the denial of rehearing, not the mandate, is utilized as the trigger date for the 90-day period. (Doc. 1 at 3). Under Supreme Court Rule 13(3), the date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed. Close, 336 F.3d at 1285.

filed in 2003, is time-barred. Hayes has not shown that any extraordinary circumstances require the tolling of the one-year period.

## THE CLAIMS IN THE PRESENT PETITION HAVE NO MERIT

Even if the petition were not time-barred, Hayes' claims have no merit.

### Ground One

Hayes alleges he was denied effective assistance of counsel by his counsel's failure to file a motion to suppress Hayes' confession. Hayes asserts his statements were not in writing nor recorded.

With regard to his underlying issue, Hayes presents no reason for concluding that his trial counsel overlooked any viable basis for seeking suppression of his confession. Though Hayes' statements to police were not reduced to writing, nor recorded, testimonial evidence as to his oral confession sufficed. In Florida, the law is well-settled that a confession need not be reduced to writing and that any person who has heard a defendant orally confess may testify to the confession. See Williams v. State, 185 So. 2d 718, 719 (Fla. 1966)( citing Morris v. State, 100 Fla. 850, 130 So. 582 (Fla. 1930)).

In his Rule 3.850 motion, Hayes did not allege that his statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and he did not allege that his confession was involuntarily given. If he is attempting to so allege, any such assertions would clearly be barred by the two-year limitation of Rule 3.850 and also the state's successive petition doctrine. See Foster v. State, 614 So. 2d 455, 458 (Fla. 1992); Zeigler v. State, 632 So. 2d 48, 51 (Fla. 1993). Hayes does not show valid cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), nor does he meet the

fundamental miscarriage of justice exception. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Hayes' Rule 3.850 allegations did not begin to set forth a basis for concluding that his counsel overlooked any viable attack on the confession on voluntariness grounds. The totality of the circumstances determines the voluntariness of a confession. See Withrow v. Williams, 507 U.S. 680 (1993).[3] Confessions are involuntary only if the defendant can establish the crucial element of police overreaching. Colorado v. Connelly, 479 U.S. 157, 163 (1986). In Hayes' case, his Rule 3.850 motion was devoid of facts that would show his will was overborne by police overreaching. Accordingly, it is objectively reasonable to conclude Hayes did not satisfy the deficiency prong with regard to his claim of omission of counsel.

Hayes faults the state trial court for not making a finding of whether counsel's actions constituted sound strategy. However, the relevant question is not whether counsel's choices were strategic, but whether they were reasonable. See Putnam v. Head, 1233, 1244 (11th Cir. 2001) (citing Roe v. Flores-Ortega, 528 U.S. 470, 481 (2000)). Because counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take.

Hayes is not entitled to an evidentiary hearing to ferret out counsel's reasoning regarding Hayes' confession because Hayes fails to show that no reasonably competent

---

[3] In determining whether a particular confession was involuntary, the court looks to the "the totality of all the surrounding circumstances--both the characteristics of the accused and the details of the interrogation," Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973), to determine whether a confession is the "product of an essentially free and unconstrained choice by its maker" or whether the defendant's "will has been overborne and his capacity for self-determination critically impaired." Culombe v. Connecticut, 367 U.S. 568, 602 (1961).

attorney under the circumstances could have declined to seek suppression on the ground promoted. Accordingly, Hayes cannot overcome the strong presumption of effectiveness with regard to his counsel's performance in relation to Hayes' statements to the police.

The claim can alternatively be disposed of on the Strickland prejudice prong. In addition to his confession, the state adduced the eyewitness account of his victim regarding Hayes' illicit sexual acts. In view of the independent evidence of his guilt, it is objectively reasonable to conclude that Hayes failed to show there was a reasonable probability of a different outcome had his counsel litigated the proposed suppression motion.

## Ground Two

Hayes faults his trial counsel for not objecting to purported bolstering of a state witness by the state prosecutor. In his memorandum (Doc. 2 at p. 11), Hayes points to the prosecutor's closing remarks indicating that everyone except for Hayes agreed on one thing. The prosecutor then pointed to the victim and witnesses to Hayes' confession. (Exhibit 9; T 157-158) Hayes claims that the prosecutor's remark that Officer Tran "seems like a fine officer but he has a communication barrier" was a bolstering remark. (Exhibit 9; T 162-163)

At least one reasonably competent attorney could have concluded that the prosecutor was conveying that the state's case was based on consistent testimony and the prosecutor's remarks fell within the ambit of fair comment on the evidence. Further, with respect to Officer Tran, it could be reasonably concluded the prosecutor was not trying to bolster the officer in any regard; rather, in context, he was simply asking the jury to assess whether, based on the jurors' observations, there was a communication barrier. (Exhibit 9;

T 163) It is equally reasonable to conclude that the prosecutor was trying not to offend the jury's sense of regard for the officer.  Accordingly, it is objectively reasonable to deny Hayes' claim under the performance prong of Strickland.

Alternatively, the claim can be disposed of on the prejudice prong. With respect to the underlying comment issue, it is not enough that a prosecutor's comments were undesirable or even universally condemned. Cobb v. Wainwright, 609 F. 2d 754 (5th Cir. 1980). The standard of review is whether, on the merits, the comment so infected the trial with unfairness as to make the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 178 (1986) (citing Donnelly v. DeChristoforo, 416 U.S. 637 (1974)). A court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations. Donnelly, 416 U.S. at 642.

In making this assessment, the reviewing court must consider the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. Branch v. Estelle, 631 F. 2d 1229, 1233 (5th Cir. 1980). Among the considerations is the strength of the evidence.  Cobb v. Wainwright, 609 F. 2d at 756.

The state trial court in Hayes' case held that the prosecutor's statements were not inflammatory and did not deprive Hayes of a fair trial. The comments were not error and in any case, were neither pervasive nor infecting in nature. In view of the compelling evidence of Hayes' guilt, it is objectively reasonable to conclude the subject comments did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. See e.g., Cargill v. Turpin, 120 F.3d 1366, 1379 (11th Cir. 1997) (if reviewing

court is confident that, absent improper prosecutorial remarks, jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted.)   Accordingly, the state decision resulted in a reasonable application of Strickland under either prong and a reasonable determination of the facts in light of the evidence.

Accordingly, the Court orders:

That Hayes' petition for writ of habeas is denied, with prejudice.  The Clerk is directed to enter judgment against Hayes and to close this case.

ORDERED in Tampa, Florida, on July 6, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Janssen Hayes